OPINION
The instant action in procedendo is presently before this court for consideration of respondent's motion to dismiss, filed on December 19, 2000. As the grounds for this motion, respondent, Judge Steven Yarbough, contends that the merits of the action have become moot because he has already issued the determination which relator, Margaret Stychno, is seeking to compel. For the following reasons, we conclude that the motion to dismiss has merit.[1]
In bringing the instant action, relator essentially has requested the issuance of an order requiring respondent to render a decision on three motions. Relator alleged in her petition that the motions have been pending for a considerable period in an underlying case before the Trumbull County Court of Common Pleas.
In now moving to dismiss relator's petition, respondent asserts that he has issued a ruling on the three motions in question. In support of this assertion, respondent has attached to his motion a certified copy of a judgment entry rendered on November 15, 2000. A review of this document shows that respondent disposed of all motions which had been pending in the underlying case at that time.
As this court has indicated on prior occasions, a writ of procedendo will not lie to compel a judicial officer to perform an act which he already completed. See Stychno v. Yarbrough (Oct. 15, 1999), Trumbull App. No. 99-T-0101, unreported, 1999 Ohio App. Lexis 4874. Accordingly, as the certified copy of the judgment entry establishes that respondent has performed the specific act which was the subject matter of relator's petition, this action is subject to dismissal on the grounds of mootness.
Pursuant to the foregoing analysis, respondent's motion to dismiss is granted. It is the order of this court that relator's procedendo petition is hereby dismissed.
 __________________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL
JUDGE MARY CACIOPPO, Ret., Ninth Appellate District, sitting by assignment.
[1] As an aside, this court would indicate that respondent's true last name is not "Yarbough," but is actually "Yarbrough." However, because relator used the wrong name in her petition, we must follow that name for purposes of this opinion.